NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARAH J. EICHENBERGER, | No.    22-35937 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-05121-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted August 24, 2023
Portland, Oregon

Before:  BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Sarah J. Eichenberger appeals from the district court's affirmance of the

Social Security Administration's decision denying her Social Security Disability

Insurance and Supplemental Security Income benefits.  Eichenberger argues that

the Administrative Law Judge ("ALJ") erred by improperly evaluating the medical

evidence, rejecting lay testimony, and providing legally insufficient reasons to

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

discount certain evidence and testimony. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo and reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020) (internal quotation marks and citation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).

1.      Substantial evidence supports the ALJ's decision to discount Eichenberger's medical evidence, because if the evidence in a Social Security case "is susceptible to more than one rational interpretation, we are required to affirm." *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (internal quotation marks and citation omitted). The ALJ's interpretation of Eichenberger's medical evidence is rational. For example, when discussing the assessment of psychologist Dr. Artherholt, the ALJ noted that later records showed improvement with regular treatment, Eichenberger's primary care exams revealed only mild symptoms of depression and anxiety, and therapy records indicated that Eichenberger could engage in activities including driving to see a friend, shopping without anxiety, and going to church with her neighbor. Regarding the opinions of psychologist Dr. Wheeler, the ALJ wrote that Dr. Wheeler's conclusions about Eichenberger's limitations

were impermissibly based on Eichenberger's own complaints, which were "not wholly consistent with the contemporaneous medical evidence of record, nor [Dr. Wheeler's] own mental status examination of the claimant." In rejecting certain opinions of healthcare professionals Godsey, Nichols, and Hook, the ALJ identified that their opinions were impermissibly based on Eichenberger's subjective complaints, lacking in citations to clinical findings, and inconsistent with some of Eichenberger's daily activities. These determinations by the ALJ were accompanied by "a detailed and thorough summary of the facts and conflicting clinical evidence" supporting them. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (cleaned up).

2. The ALJ gave "specific, clear, and convincing reasons" supported by substantial evidence for discounting Eichenberger's own testimony about her functional limitations. *See Smartt v. Kijakazi*, 53 F.4th 489, 496–99 (9th Cir. 2022) (holding that the ALJ provided specific, clear and convincing reasons supporting a finding that the claimant's limitations were not as severe as she claimed). The ALJ's reasons for discounting Eichenberger's testimony about her symptoms included the following: "[c]ontrary to allegations of disabling pain, [Eichenberger] reported good relief of her fibromyalgia symptoms with ketamine"; Eichenberger never reported her fibromyalgia flares to her primary care physician; and Eichenberger's mental health treatment notes show PHQ-9 and GAD-7 scores

mostly in the moderate range. These considerations are clear, specific, and supported by the record. See *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (When a claimant has provided "objective medical evidence of an underlying impairment which could reasonably be expected to produce" disabling symptoms, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." (cleaned up)).

3.     Substantial evidence supports the ALJ's conclusion that the lay testimony offered by Eichenberger was "simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." Lay testimony may be discounted where it conflicts with a claimant's medical record. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). And the reasons the ALJ gave for discounting Eichenberger's testimony apply with equal force to the ALJ's decision to discount the testimony of the lay witnesses. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). When lay testimony is "similar to [the claimant's] own subjective complaints," and the ALJ has "provided clear and convincing reasons for rejecting" the claimant's testimony, "it follows that the ALJ also gave germane reasons for rejecting" the layperson's testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

4

**AFFIRMED.**